IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | )  Case No. 4:23-CR00510 SRC |
| CHANTEL ROBINSON, | ) ) ) |
| Defendant. | ) ) |

### DEFENDANT'S SENTENCING MEMORANDUM AND REQUEST FOR DOWNWARD VARIANCE

COMES NOW Defendant, Chantel Robinson, by and through counsel Chris Dulle, and requests this Honorable Court grant a downward variance and sentence the Defendant to a term of 41 months.

The Defendant is scheduled for a sentencing before this Honorable Court.  The applicable sentencing statute, 18 U.S.C. §3553(a), assigns to this Court the duty to impose a sentence that is sufficient, but not greater than necessary, to satisfy the statutory purposes of sentencing.

Ms. Robinson pled guilty as charged to Count 1 (Possession of Child Pornography in violation of US Code §2252A(a)(5(B)) of the Indictment.

This plea was made pursuant to a plea agreement with the Government which states either party may request a sentence above or below the sentencing guideline range ultimately determined by the Court pursuant to any chapter of the Guidelines, Title 18, U.S.C. § 3553.

The parties estimated the total offense level at 24.  Based on those calculations, the guideline imprisonment range is 51-63 months.  However, the Presentence

Investigation Report estimates the total offense level in this case is 29 and also estimates the criminal history category is 1.  Based upon those calculations, the guideline imprisonment range would be 87-108 months.  The difference was that the parties did not believe USSG §2G2.2(b)(5) would apply because it was not clear Ms. Robinson engaged in a *pattern* of activity involving the sexual abuse or exploitation of a minor.  However, after much discussion and research, the Defendant admits her conduct constitutes a pattern of activity that satisfies the requirements of USSG §2G2.2(b)(5) and that the Court could, if it chooses, correctly apply that guideline.

Additionally, Ms. Robinson has not been convicted of any prior offenses that would contribute to a criminal history score, resulting in a criminal history score of zero.  §4C1.1 outlines adjustments for certain zero-point offenders which recommend the Court consider a two-level reduction in the total offense level for qualifying defendants.  Unfortunately, Ms. Robinson does not qualify because the instant offense is a sex offense and, under subsection (a)(5), that is a disqualifying offense.  However, despite the fact she does not qualify, we believe the Court can and should still consider the information when determining a sentence.

We respectfully and humbly ask this Honorable Court to show mercy to Ms. Robinson and sentence her to 41 months incarceration in the Bureau of Prisons.  In support of that request, this Memorandum will provide the Court with an analysis of the applicable sentencing factors contained in Title 18 U.S.C § 3553(a).

I. Applicable 18 U.S.C. § 3553(a) Factors and Other Variance Issues

Title 18 U.S.C. §3553(a) requires the Court to impose a sentence "sufficient, but not greater than necessary" to comply with the various purposes set forth in the section.

The Court also must consider a number of different factors in determining an appropriate sentence, several of which are discussed in detail below.

     A.     Nature & Circumstances of the Offense and Characteristics of Defendant

Title 18 U.S.C. § 3553(a)(1) considers the nature and circumstances of the offense together with the history and characteristics of the Defendant.

<u>Defendant's History</u>

Chantel Robinson was an 18 year old girl with a 10th grade education and a history of being sexually abused. She was the product of a very broken family and her 0.762 GPA hardly prepared her for the challenges life was going to put before her. In search of a better life she hoped to obtain though exotic dancing and internet promotion, she made herself a victim again. This time, she helped her co-Defendant make victims of two other girls. She sees the harm she caused and regrets the awful things she has done.

Now, Chantel Robinson is a 21 year old woman who has been in jail for almost two years. During that time, she has taken time to look back at her life and the choices she made. She knows education is the best way to improve her life, so she obtained her GED. She hopes to obtain her cosmetology certificate so she can support herself while she goes back to school once she is released.

    Ms. Robinson has read several books while incarcerated and she knows there is so much more out in the world than what she has experienced. She hopes education will open doors that may seem closed to her and she wants to work hard to make a good, honest life for herself. She still has much to overcome, but she is hopeful and willing to work for a better life.

Family History

Chantel grew up as one of four children being raised by their mother because her father was murdered. Her mother worked sporadically and consumed lots of alcohol when she was home. She considers her older sister to be more of a mother to her. The family moved often and she frequently stayed with friends or family because her mother could not provide food, water, or electricity on a regular basis.

She spent time with child protective services once after her mother got into a car accident while intoxicated. Fortunately, she ended up living with her aunt who agreed to take her in. She returned home when her mother married a man who could provide for her and her siblings. Unfortunately, that only lasted a few years.

She had a series of relationships with men, but none of them were good. She was assaulted several times, but did not feel like she could confide in her family. Her sister tried to give her stability by disciplining her and forcing her to attend school, Chantel was depressed after the assaults and often could not get out of bed. She tried using drugs to numb herself, but nothing worked. She was often late to school, when she attended at all, and her grades reflected her lack of effort. She misbehaved and was disciplined, even receiving a suspension. She attended a different school, but it was more of the same. After moving again, she finally dropped out at 17.

Relationship History

Chantel's father was murdered when she was two years old. She has no memories of him and never had a stable or positive male role model in her life. When she was 16, she was sexually assaulted by several men when she tried to meet a man she was talking with online. After they pinned her to the bed and beat her up, ripping

off her fingernails, she escaped by jumping off the hotel balcony.  That same year, she endured emotional and physical abuse from a boyfriend for six months.  When she was 17, she was sexually assaulted by an unknown man she met in a club.

While she was 17, she started a relationship with a man 16 years older than her.  Once she was incarcerated, and she had nothing to offer him, he refused her calls, ending the "relationship."  While this relationship was technically not illegal, it is yet another example of men taking advantage of Chantel.

The instant offense involves an older man, her co-defendant Green who, in her mind, was her boyfriend.  He promised her a trip to Mardi Gras once they made some money in St. Louis.  He supplied her with alcohol and marijuana.  While she was legally an adult, and she takes responsibility for her conduct, Green was the one running the operation.  He kept her and the minor victims under his close control and supervision and rarely left them alone.  He only rented a single room for the four of them to share.

His control is most evident when the police found them at the hotel and, when they asked Chantel to search her car and phone, she said she would allow a search of the vehicle and her cellular telephone if, and only if, Green agreed.  Without him in the room, she was afraid to make a decision about their shared vehicle or her phone.

Since Jail

Chantel has spent almost two years in jail, which is almost 10% of her life.  She has had time to analyze the decisions that got her here and what she wants to do with her life moving forward.  She decided almost immediately that she wants to have a good life when she gets out of prison and she began working toward that goal.  Once she got moved to Grayson County, Kentucky, she inquired about GED classes and

substance abuse recovery classes.

She enrolled in GED classes and attended them twice weekly until she finally completed the classes and earned her GED in April, 2024.  She found the classes to be challenging but enjoyable.

She also began attending and working a substance abuse recovery program called Celebrate Recovery.  She began attending weekly meetings in February, 2024 and has continued attending every Thursday.  If she serves an extended term of incarceration, she hopes to be able to continue her recovery journey by completing RDAP while in the Bureau of Prisons.  However, even if she is released before being able to complete RDAP, she intends to continue with Celebrate Recovery or Narcotics Annonymous.

She also attended and completed the Customer Service Course as part of the Workplace Literacy ServSafe Certification Program in the jail.  Although it was only three classes, she figured if she ever goes to work in food service again, she may be able to refer back to the skills she learned in that program.

Her Future

Chantel is thinking clearly for the first time in a long time, free from being controlled by drugs and men who do not have her best interests at heart.  She is excited about getting this case behind her and she wants to get out into the world to get a job and support herself for the first time.  At this time, she thinks she would like to get her cosmetology certificate or license.  It is something she has experience with and something she has enjoyed doing in the past.  Step one was getting her GED, which she has done.  However, she is open to learning new skills and hopes to take

vocational, occupational, and/or apprenticeship training while in the Bureau of Prisons with the hope of learning new things and finding other things that interest her.

She is only 21 and serving her first term of incarceration. She knows that she will be on supervised release when she is released from prison. In addition to all the programs she completes in prison, she intends to avail herself of any assistance her supervised release officer can offer her. She wants to get her driver license so she can be as independent as possible and never be forced to rely on anyone who can hurt her again.

B.    The Seriousness of the Offense

In considering the seriousness of the present offense, the Court should consider the circumstances surrounding the offense, as well as the Defendant's intent.

It is important to note Ms. Robinson was not a savvy older person who planned to exploit the victims for her own personal gain. She was a peer to the victims, separated by roughly a year of life experiences, and she herself was victimized growing up and was also used by Mr. Green during the circumstances giving rise to this case. As a victim, she did not fully understand the line between fun and fantasy and her undeveloped brain certainly was not contemplating the full range of possibilities that could result from the situation she helped create.

Misguided as it was, her intent was to help herself and the victims earn enough money to travel the country and make it to Mardi Gras. That alone should be evidence enough to the Court that she was unable to fully conceptualize how wrong her actions were or the kind of trouble she could get in by engaging in this behavior.

C.    Promote Respect For The Law

The two years she has spent in jail awaiting sentencing has helped open her eyes to the difficulties many law enforcement & corrections officers face on a daily basis.  Going forward, 41 months is a long time to spend incarcerated, particularly for someone who has never spent any time in jail prior to this case, and we believe it will be sufficient to serve as an ultimate reminder to Ms. Robinson that she needs to take full advantage of the time she spends in the Bureau of Prisons, and return to being a law abiding citizen upon her release.  We pray the Court does not feel it necessary to give her more than 41 months for her to learn that lesson.

D.      Provide Punishment For the Offense and Deter Criminal Conduct

In determining the sentence, the Court must determine a punishment *not greater than necessary* to provide punishment and afford adequate deterrence to criminal conduct.  We believe that Ms. Robinson will take advantage of her time in prison to complete all programs she is offered during her time in the Bureau of Prisons, or on supervised release, which would ensure she is punished adequately and all future criminal conduct is deterred in her remaining time of incarceration, thus rendering a longer sentence unnecessary to accomplish those goals.

Fortunately, she has already proven she will do so by obtaining her GED, completing the Customer Service Course, and participating in weekly Celebrate Recovery Courses before she was ever ordered to do so.  We hope this shows the Court her desire to avoid future criminal conduct and to become a productive member of society thus rendering a more severe punishment unncecessary.

E.      Provide the Defendant with Needed Educational or Vocational Training, Medical Care, or Correctional Treatment in the Most Effective Manner

As discussed above, Ms. Robinson has already benefitted from educational opportunities while incarcerated, and she hopes to benefit from any vocational, occupational, and/or apprenticeship training available to her during her time in the Bureau of Prisons, or on supervised release, which would help her ensure future success by making her more employable.

Ms. Robinson has used her time of incarceration to look inward and do a lot of self-reflection.  She understands that there is no easy way to make money, so she needs to focus on earning money at a lawful job.  We believe this shows an ability to analyze her own behavior, to assess her struggles, and to make an honest attempt to change her life for the better.  We hope the Court will consider that effort when considering an appropriate sentence for Ms. Robinson.

II.     Conclusion

Counsel urges the Court to sentence Ms. Robinson to 41 months.  We believe this sentence is the appropriate sentence because it would be the low end of the guideline range if the Court chose not to apply §2G2.2(b)(5) for her *pattern of activity* involving the sexual abuse or exploitation of a minor, and if the Court chose to apply §4C1.1 (zero-point offender).

This would be sufficient, and not greater than necessary, to meet the meet the considerations set forth in the sentencing factors of  18 U.S.C. §3553(a).  Counsel would further urge that Ms. Robinson be placed on a period of supervised release for three years with any conditions set forth in the presentence investigation report.  This sentence of 41 months would absolutely be appropriate and productive when considering the factors set forth in 18 U.S.C. §3553(a) and the intent of Congress.

Respectfully Submitted,

By <u>/s/ Chris Dulle</u> #58900MO
Attorney for Defendant
222 S. Meramec Ave., Suite 203
Clayton, Missouri  63105
(314) 384-4000
(314) 787-9587 - fax
chris.dulle@gmail.com
Attorney for Defendant

A copy of the foregoing has been filed in accordance with the ECF system in accordance with the rules of same on this 15th day of July, 2025.

<u>/s/ Chris Dulle    </u>